IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM G. EATON,

                Petitioner,

    v.

C. MOLINICA, Warden,[2]

                Respondent.

ORDER

10-cv-87-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner William G. Eaton challenges the validity of his sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that one of the three convictions used to enhance his federal sentence was not a violent crime. He has also filed a motion to amend his petition and a proposed supplement. Dkt. #6. Petitioner has paid the filing fee. Because he is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, venue is proper in this district. Moore v. Olsen, 368 F.3d 757 (7th Cir. 2004).

---

[1] At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

[2] By its own motion, the court has corrected the spelling of respondent's name from "Molinka" to "C. Holinka."

1

Ordinarily, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255.  Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).  Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002).  Further, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or the prisoner has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h).  Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.").

Petitioner provides very few details in his petition and his supplement only further confuses the issues.  From what I understand, petitioner pleaded guilty in 1977 to conveying a weapon within a federal penitentiary in violation of 18 U.S.C. § 1792 and received a six-month sentence, which was to run consecutively to his prior federal sentences.  In his brief

2

in support of the petition, he states that he received a sentence enhancement because he was found to be both a career offender and an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1 for having three previous convictions for violent felonies. Petitioner fails to state when this occurred or identify his other convictions (including when they occurred, what they were for and what court sentenced him). He contends only that the enhancement is unlawful because conveying a weapon is not a "violent felony" within the meaning of § 924(e). In the supplement, petitioner adds that in 1998, he was convicted in the United States District Court for the Western District of Oklahoma for bank robbery, carrying a firearm during the commission of a bank robbery, felon in possession of a firearm, obstruction of justice and tampering with a witness.

Petitioner argues correctly that he is not claiming innocence for his underlying crimes of conveying a weapon or bank robbery. Instead, he is claiming innocence of a status or behavior—the enhancements applied under §§ 924(c), (e) and (g) and § 2113(d)—that were not made criminal by the statutes under which he was convicted and sentenced. Under In re Davenport, 147 F.3d 605, 609-10 (7th Cir. 1998), such challenges are considered claims of actual innocence because they are a challenge "to the fundamental legality of [his] sentenc[e]."

Although petitioner seems to meet the requirement that his claim be one of actual innocence, he has not provided enough information for me to determine whether relief was

3

foreclosed under § 2255. Petitioner does not state whether he ever attempted to challenge the various enhancements to his sentences in a § 2255 motion. He would have had only one year from the date on which his judgment of conviction became final to bring such a motion. § 2255(f).

In light of petitioner's citations to the United States Supreme Court's recent decisions in Johnson v. United States, 130 S. Ct. 1265 (2010); Chambers v. United States, 129 S. Ct. 687 (2009); and Begay v. United States, 553 U.S. 137 (2008), I am guessing that he is contending that he could not have used § 2255 to challenge his conviction as a career offender under § 924(e) because his argument was foreclosed until these cases were decided. In order to seek federal habeas relief, petitioner must show that "he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion" and the change of law was made retroactive by the Supreme Court. Davenport, 147 F.3d at 611; see also United States v. Prevatte, 300 F.3d 792, 800 (7th Cir. 2002). None of the Supreme Court cases cited by petitioner address the question germane to his sentence, which is whether § 1792 is a violent felony. Johnson, 130 S. Ct. at 1265 (defendant's conviction under Florida's battery law not violent felony given lack of physical force involved); Chambers, 129 S. Ct. at 691 (failure to report to penal institution not violent felony); Begay, 553 U.S. at 137 (driving while intoxicated not crime of violence). Because I do not know the nature of his other

4

convictions, I cannot determine whether <u>Johnson</u>, <u>Chambers</u> or <u>Begay</u> apply, permitting petitioner to bring a petition under § 2241.  Further, because petitioner has not stated what court sentenced him in conjunction with his conviction under § 1792, I cannot determine what law was applicable at the time of his sentencing.  Similarly, plaintiff has not discussed why § 2255 was an inadequate or ineffective remedy to test the legality of his sentence under the other enhancement statutes he cites.

Accordingly, I will give petitioner an opportunity to correct the deficiencies in his petition.  Petitioner must identify the date, court, sentence and underlying charge for each of the convictions used to find him a career offender and an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1.  He also must explain why he believes that he could not challenge this finding by bringing a § 2255 motion in the court in which he was sentenced.  Petitioner also must show cause why § 2255 was inadequate or ineffective to test the legality of his sentences under the other enhancement statutes.  Petitioner will have until April 16, 2010 to make these showings.  If he fails to do so, his petition will be dismissed.

ORDER

IT IS ORDERED that petitioner William G. Eaton may have until April 16, 2010, to show that 28 U.S.C. § 2255 did not provide an adequate or effective remedy to challenge

his sentences. If petitioner does not respond by that date, I will dismiss his petition for failing to show that he is in custody in violation of federal law.

Entered this 26th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge