IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM G. EATON,

      Petitioner,

                OPINION AND ORDER

  v.

                10-cv-87-slc[1]

C. MOLINICA, Warden,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner William G. Eaton challenges the validity of his sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that one of the three convictions used to increase his federal sentence under 18 U.S.C. § 924(e)(1) was not a violent felony within the meaning of § 922(e)(1). In an order entered on March 26, 2010, I found that petitioner had failed to provide enough information for me to determine whether relief under § 2241 was foreclosed under 28 U.S.C. § 2255, which, along with a direct appeal, provides the only form of relief for a federal prisoner seeking to challenge his conviction or sentence, except in those rare instances in which a petitioner can show that §

---

[1] At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

2255 does not provide an adequate remedy to challenge an unconstitutional sentence. I gave petitioner an opportunity to show whether he would fall under that exception. He responded to that order on April 9, 2010. Dkt. #8.

In his response, petitioner explains that he was charged in a nine-count indictment returned in the United States District Court for the Western District of Oklahoma. On November 13, 1998, the government notified the court that petitioner met the criteria for a career offender under 18 U.S.C. § 924(e)(1), which increases the penalty for anyone who commits a firearm offense in violation of § 922 and who has three previous convictions for a violent felony or serious drug offense. The government identified three qualifying convictions: 1972 and 1983 convictions for bank robbery and a 1977 conviction for conveyance of a weapon. Later, in lieu of the 1972 and 1983 bank robberies, the government identified two other state court convictions for armed robbery in 1963.

On December 18, 1998, petitioner was found guilty on all nine counts. He was sentenced by the district court on March 24, 1999. Petitioner filed a § 2255 motion on July 10, 2000, arguing ineffective assistance of counsel. The court denied the motion on November 9, 2000. Petitioner filed a second § 2255 motion on July 12, 2006 in the Court of Appeals for the Tenth Circuit, arguing that the sentencing court failed to consider the proper types of documents in determining whether his conveyance of a weapon conviction qualified as a violent felony. The court of appeals denied the motion as successive, holding

2

that petitioner was raising an issue of statutory interpretation and not a new rule of constitutional law.

Petitioner contends that when he filed his § 2255 motions, he did not "have the case law of the United States Supreme Court which now supports his claim that conveying a weapon or mere possession of a weapon does not constitute a violent felony." Dkt. #8 at 4. (He challenges only the use of his 1977 conviction for conveyance of a weapon within a federal penitentiary.) .As he did in his original brief in support of his petition, petitioner asserts that he could not have used § 2255 to challenge his conviction as a career offender under § 924(e) because his argument was foreclosed until the United States Supreme Court decided Johnson v. United States, 130 S. Ct. 1265 (2010); Chambers v. United States, 129 S. Ct. 687 (2009); and Begay v. United States, 553 U.S. 137 (2008).

As explained in the previous order, petitioner must show that "he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion" and the change of law was made retroactive by the Supreme Court.  In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); see also United States v. Prevatte, 300 F.3d 792, 800 (7th Cir. 2002).  Petitioner is arguing in effect that he is in prison for a nonexistent crime, that is, he is imprisoned as a armed career criminal but one of the three alleged violent felonies that put him into that category no longer qualifies as a violent felony.  The flaw in his argument is that the

3

Supreme Court has never addressed the crime of conveying a weapon in a federal penitentiary and, accordingly, has never held that it does not constitute a violent felony under § 924(e)(1).

The Supreme Court cases cited by petitioner address similar questions but they do not address the particular issue. Johnson, 130 S. Ct. at 1265 (defendant's conviction under Florida's battery law not violent felony given lack of physical force involved); Chambers, 129 S. Ct. at 691 (failure to report to penal institution not violent felony); Begay, 553 U.S. at 137 (driving while intoxicated not crime of violence). Petitioner concedes this point, but argues that these cases "point to the true definition of what constitutes a violent felony." Dkt. #8 at 4. He argues that the Tenth Circuit denied him the opportunity to bring a successive petition under § 2255 in 2006 because the issue he raised involved one of statutory interpretation. Petitioner seems to believe that because the Supreme Court addressed an issue of statutory interpretation in Chambers, he should now be allowed to raise an issue of statutory interpretation in his case.

Petitioner is correct that when the Supreme Court decides to give a federal criminal statute a narrower reading than it previously had been given, that decision necessarily raises the possibility that an individual previously convicted under the broader reading now stands convicted of activity that is no longer criminal. Prevatte, 300 F.3d at 801. In such cases, the defendant may rely on the Supreme Court decision to challenge his conviction. But

4

petitioner is not relying on any of the three cases he is citing; he is contending only the cases suggest that the conduct made criminal under § 1792 does not meet the criteria for a violent felony under § 924(e)(1).  Johnson, Chambers and Begay involved the interpretation of three different criminal statutes.  It may be that the Supreme Court will decide that conveying a weapon in a federal institution is not conduct that should be classified as violent, but until it addresses the question, petitioner has no basis on which to contend that § 2255 was inadequate or ineffective to test the legality of his sentence enhancement when he brought his first § 2255 motion in 2000.  Therefore, his petition under § 2241 must be dismissed for his failure to show that he is entitled to relief under this statute.

ORDER

IT IS ORDERED that petitioner William G. Eaton's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED.

Entered this 10th day of May, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge