IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM G. EATON,

                              Petitioner,

                                                    OPINION AND ORDER

      v.

                                                 10-cv-87-slc[1]

C. MOLINICA, Warden,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on May 10, 2010, I denied petitioner William G. Eaton's petition for a writ of habeas corpus under 28 U.S.C. § 2241, after finding that he had not shown that he was foreclosed from obtaining relief under 28 U.S.C. § 2255.  Judgment was entered on May 11, 2010.  Later on that day, I read the opinion of the Court of Appeals for the Seventh Circuit in Welch v. United States, No. 08-3108 (7th Cir. May 4, 2010), which caused me to reconsider the decision I had reached in this case the day before.  A closer examination of petitioner's case has convinced me that denial of the petition was correct, but not for the reasons discussed in the May 10 order.  On the court's own motion, I will vacate the

---

[1]  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action.  Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

judgment entered on May 11, 2010, reconsider the petition and explain why it  must still be denied.

As petitioner explained in his petition and in his response to the court's order for more information that he filed on April 9, 2010, he was charged in 1998 in a nine-count indictment returned in the United States District Court for the Western District of Oklahoma.  He alleged in his petition that he was sentenced on March 24, 1999 as an armed career criminal under 18 U.S.C. § 924(e)(1), after the government filed notice under the enhanced penalty provisions of § 924, and that the government identified three qualifying federal convictions:  1972 and 1983 convictions for bank robbery and a 1977 conviction for conveyance of a weapon.  Defendant received life sentences on each of two counts, plus sentences of 120 months on each of five counts, 180 months on one count; all to run concurrently, and 60 months on count 2, which charged carrying a firearm during the commission of a bank robbery, to run consecutively to the other terms of imprisonment.

Petitioner contends that he is prison for a non-existent crime, that of Armed Career Criminal.  It is non-existent, according to petitioner, because such a crime requires a showing of three previous convictions for violent felonies or serious drug offenses, and he has only two such convictions.  He says that the government relied at his 1999 sentencing on the crime of conveyance of a weapon in a federal penitentiary and that the cases of Johnson v. United States, 130 S. Ct. 1265 (2010), Chambers v. United States, 129 S. Ct. 687 (2009),

and <u>Begay v. United States</u>, 553 U.S. 137 (2008), show that such reliance was improper.

Conveyance of a weapon does not fit the criteria for a violent felony;  it must be "roughly

similar, in kind," <u>Begay</u>, 553 U.S. at 143, to the offenses enumerated in § 924(e)(1), which

"typically involve purposeful, violent, and aggressive conduct" that makes it "more likely tht

an offender, later possessing a gun, will use that gun deliberately to harm a victim."  <u>Id.</u> at

144-45.   In the May 10 order, I denied this claim on the ground that the Supreme Court

had never addressed the nature of crime of conveying a weapon in a federal penitentiary.

<u>Welch</u>, No. 08-3108 (7th Cir. May 4, 2010), suggests that this was an error and that it is

the court's task to determine whether any particular crime used as a predicate offense for

career offender status meets the criteria for violent felony.  I would do so in this case, except

that the peculiar facts of the case make it unnecessary.

The documents that petitioner attached to his petition bear out most of the facts that

he alleges, with two exceptions, one of which is significant.  The insignificant one has to do

with petitioner's statement, dkt. #8 at 2, that the government gave notice initially of three

previous convictions, but later changed two of those convictions.  They may be true, but it

is irrelevant.  What is not only relevant but determinative of petitioner's claim is that the

criminal docket sheet that he submitted, dkt. #6, exh. 4, shows that he was not sentenced

as an armed career criminal.  According to this document, the only § 924 sentence meted out

to petitioner in 1999 was one under § 924(c)(1) and not under § 924(e)(1), which  is the

Armed Career Criminal Act. It imposes an additional term of 15 years upon proof of a defendant's prior convictions of at least three violent felonies or serious drug offenses. Section 924(c)(1) imposes a sentence enhancement of five years if the defendant has used or carried a firearm "during and in relation to any crime of violence or drug trafficking crime." Petitioner does not suggest any reason why it might have been improper to enhance his sentence by five years for using a firearm during a bank robbery.

Obviously, without a showing that he was sentenced under § 924(e)(1), petitioner cannot succeed on his claim under that statute. He is not in prison for a nonexistent crime, as he argued. It is irrelevant to his claim whether the crime of conveyance of a weapon in a federal penitentiary is or is not a violent crime under § 924(e)(1). Petitioner cannot show that he has had "no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion," In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); see also United States v. Prevatte, 300 F.3d 792, 800 (7th Cir. 2002), because he cannot show the existence of any fundamental defect in his conviction or sentence.


ORDER

IT IS ORDERED that the judgment entered in this case on May 11, 2010 is VACATED on the court's own motion for the purpose of reconsidering petitioner William

4

G. Eaton's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Upon

reconsideration, the petition is DISMISSED again.

Entered this 13th day of May, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge