IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM G. EATON,
                Petitioner,

                                                            OPINION AND ORDER

    v.

                                                           10-cv-87-slc[1]

C. MOLINICA, Warden,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on May 13, 2010, I denied petitioner William G. Eaton's petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he contended he is in prison for a non-existent crime, that of armed career criminal under 18 U.S.C. § 924(e)(1). According to petitioner, § 924(e)(1) requires a showing of three previous convictions for violent felonies or serious drug offenses and he had only two such convictions when he was sentenced in federal court in Oklahoma in 1998. He asserts that the government relied incorrectly on a conviction of conveyance of a weapon in a federal penitentiary, which he argues does not fit the criteria for a violent felony. I found it unnecessary to reach this issue because the criminal docket sheet that petitioner submitted, dkt. #6, exh. 4, showed that

---

[1] For the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

when petitioner was sentenced in 1999, he was sentenced under § 924(c)(1), which imposes a mandatory five-year sentence on an offender who carries a weapon during the commission of another crime, and not under § 924(e)(1), the armed career criminal statute. If defendant was not convicted as an armed career criminal, it was irrelevant whether the crime of conveyance of a weapon in a federal penitentiary is a violent crime under § 924(e)(1).

In his motion for reconsideration, petitioner insists that he was sentenced under § 924(e)(1). In support, he submits a copy of the transcript of his March 24, 1999 sentencing hearing in the United States District Court for the Western District of Oklahoma. Dkt. #13, Exh. A. The transcript shows that the district judge did find defendant to be an armed career criminal under § 924(e) and that, in making this finding, he found that petitioner had been convicted of two armed bank robberies in 1963, to which he had entered a plea of guilty on the same day, and conveyance of a weapon inside a federal prison in 1977, all of which qualified him for the penalty enhancer under § 924(e). Id. at 38-39.

Although it appears that petitioner is correct in saying that he was sentenced under § 924(e), the sentencing transcript shows that the district judge did not rely only on the three prior offenses listed above. Besides the two 1963 convictions for armed bank robbery with the use of a firearm and the 1977 conveyance of a weapon, he noted petitioner's 1972 and 1983 convictions for bank robbery with the use of a firearm. Section 924(e) requires the court to impose a 15-year sentence enhancer on the sentences of defendants like

2

petitioner who violate § 922(g) and have three previous convictions for violent felonies committed on occasions different from one another. Because petitioner had at least four such previous convictions, it is irrelevant whether the crime of conveyance of a weapon in a federal penitentiary is a violent crime under § 924(e)(1). (It is probable that as of 1998, petitioner had five prior convictions for violent felonies, including two for the 1963 bank robberies. Unlike the sentencing guidelines, USSG § 4a1.2(a)(2), under the Career Criminal Act, § 924(e), the court is to count any violent felony so long as it was committed on a separate occasion from another countable offense. Thus, a court could count two such crimes for armed career criminal purposes even if the defendant entered a plea of guilty to both at the same time, and presumably was sentenced for both offenses on the same day. Moreover, there is no temporal limit on the crimes, as there is under the sentencing guidelines; crimes like the two 1963 bank robberies, committed 35 years before sentencing, qualify as predicate offenses. Thus, even if the sentencing court should not have considered petitioner's conviction for carrying a knife in a federal institution, petitioner cannot show that he is in prison for a nonexistent crime or that there is a fundamental defect in his conviction or sentence. (Even if he could succeed on his claim, his would be a Pyrrhic victory in light of the two life sentences imposed on him at the 1998 sentencing.) Therefore, his motion for reconsideration of the dismissal order will be denied.

ORDER

IT IS ORDERED that petitioner William G. Eaton's motion for reconsideration, #13, is DENIED.

Entered this 8th day of July, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge